PROB 12C
(6/16)

Report Date: June 16, 2025

# United States District Court

### for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 16, 2025

SEAN F. McAVOY, CLERK

### *Revised* Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Theodore Joseph Seymour            Case Number: 0980 2:22CR00054-RLP-1

Address of Offender: ▓▓▓▓▓▓▓▓▓▓▓▓ Nespelem, Washington 99155

Name of Sentencing Judicial Officer: The Honorable Rosanna Malouf Peterson, Senior U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Rebecca L. Pennell, U.S. District Judge

Date of Original Sentence: July 18, 2023

| | | |
|---|---|---|
| Original Offense: | Assault with a Dangerous Weapon in Indian Country, 18 U.S.C. §§ 113(a)(3) and 1153 | |
| Original Sentence: | Prison - 30 months<br>TSR - 36 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Michael Louis Vander Giessen | Date Supervision Commenced: January 30, 2024 |
| Defense Attorney: | Federal Defenders Office | Date Supervision Expires: January 29, 2027 |

## PETITIONING THE COURT

**Please note:** The original petition was filed with the Court on May 15, 2024, in which an arrest warrant was issued and a subsequent petition was filed on June 27, 2024, incorporating violations. The purpose of this revised petition is to provide updated information and guideline provisions. It is respectfully recommended the Court adopt this violation petition replacing the violation petitions dated May 15 and June 27, 2024..

On January 30, 2024, Mr. Seymour reviewed and signed the judgment for case number 2:22CR00054-RMP-1, which outlines the supervised release conditions. He was provided a copy and acknowledged an understanding of his obligations to the Court.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition #1**: You must not commit another federal, state or local crime.<br><br>**Supporting Evidence**: It is alleged that Mr. Seymour violated the conditions of his supervised release on or about May 7, 2024, through May 2, 2025, by committing the federal criminal offenses of assault of intimate partner by strangling and attempting to strangle in Indian Country (count 1), assault with a dangerous weapon in Indian Country (count 2), domestic assault by a habitual offender resulting in substantial bodily injury in Indian Country(count 3), assault resulting in substantial bodily injury to an intimate and dating partner in Indian Country (count 4), attempting to elude a pursuing police vehicle in Indian Country (count 5), and attempted witness tampering (count 6).<br><br>On May 21, 2025, in the Eastern District of Washington, the Grand Jury indicted Mr. Seymour on the aforementioned federal charges. Specifically, count 1 of the indictment |

alleges that Mr. Seymour committed the offense of assault of intimate partner by strangling and attempting to strangle in Indian Country on May 7 and 9, 2024, in the external boundaries of Colville Indian Reservation, in Indian Country, by strangling and attempting to strangle C.S.E.S.

Count 2 of the indictment alleges that on or about May 7, and 9, 2024, in the external boundaries of the Colville Indian Reservation, in Indian Country, Mr. Seymour committed the federal crime of assault with a dangerous weapon in Indian Country, by striking C.S.E.S. with a dangerous weapon, to wit: a stick or pole with intent to do bodily harm.

Count 3 and 4 of the indictment alleges that on or about May 7, and 9, 2024, in the external boundaries of the Colville Indian Reservation, in Indian Country, Mr. Seymour committed the criminal offense of domestic assault by a habitual offender resulting in substantial bodily injury in Indian Country (count 3), and assault resulting in substantial bodily injury to an intimate and dating partner in Indian Country (count 4). Mr. Seymour is alleged to have assaulted C.S.E.S., an intimate partner who was similarly situated to a spouse of Mr. Seymour, resulting in substantial bodily injury. Mr. Seymour is alleged to have committed this domestic assault after having a final conviction on at least two separate prior occasions in state and Indian tribal court proceedings for offenses that would be, if subject to federal prosecution, any assault against an intimate partner.

Count 5 of the indictment alleges that on or about June 19, 2024, in the external boundaries of the Colville Indian Reservation, in Indian Country, Mr. Seymour committed the criminal offense of attempting to elude a pursuing police vehicle in Indian Country. It alleges that Mr. Seymour did unlawfully and wilfully fail to and refuse to immediately bring his vehicle to a stop and drove his vehicle in a reckless manner while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring his vehicle to a stop by a uniformed police officer in a vehicle equipped by lights and sirens.

Count 6 of the indictment alleges that on or about May 2, 2025, Mr. Seymour committed the criminal offense of attempted witness tampering by knowingly attempting to intimidate, threaten, and corruptly persuade C.S.E.S. with the intent to influence, delay, and prevent testimony of C.S.E.S. in an official proceeding. Further with the intent to cause and induce C.S.E.S. to withhold testimony from an official proceeding and be absent from an official from an official proceeding to which C.S.E.S. had been summoned by legal process.

Mr. Seymour was arrested on June 19, 2024, and has remained in tribal custody since that time and he is set for an initial appearance and arraignment on the aforementioned charges on June 17, 2025.

2     **Standard Condition #10**: You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

**Standard Condition #6**: You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

Prob12C
**Re: Seymour, Theodore Joseph**
**June 16, 2025**
Page 3

3

**<u>Supporting Evidence</u>**: It is alleged that Mr. Seymour violated the conditions of his supervised release on or about March 19, 2024, by possessing and/or having access to ammunition.

On March 19, 2024, while conducting a home contact at Mr. Seymour's residence, in plain view on the kitchen counter, the undersigned observed a single rifle round/bullet, specifically a .243 Winchester. Mr. Seymour stated he was unaware this single piece of ammunition was present in the residence as his mother stated she had removed all ammunition and firearms from the residence prior to commencing his term of supervised release. The singe bullet was taken by the undersigned.

**<u>Standard Condition #5</u>**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 calendar days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**<u>Supporting Evidence</u>**: It is alleged that Mr. Seymour violated the conditions of his supervised release by failing to notify his probation officer of a change in his living arrangements on or about May 12, 2024.

Specifically, on May 16, 2024, the undersigned spoke with Mr. Seymour's mother as Mr. Seymour's approved residence is her home. Mr. Seymour's mother informed the undersigned that he had not been staying at her residence the past "few days" and she was uncertain as to where he was staying. On June 20, 2024, the undersigned again spoke with Mr. Seymour's mother and she informed the undersigned that Mr. Seymour had continued to not reside at her residence since our previous conversation on May 16, 2024.

The U.S. Probation Office respectfully recommends the Court accept this revised petition, replacing the previous one filed on May 15, 2024.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   June 16, 2025

s/Jonathan C. Bot

Jonathan C. Bot
U.S. Probation Officer

Prob12C

Re: Seymour, Theodore Joseph
June 16, 2025
Page 4

THE COURT ORDERS

[ ] No Action
[ ] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ] Defendant to appear before the Judge assigned to the case.
[X] Defendant to appear before the Magistrate Judge.
[X] Other: This revised petition replaces the prior petition.

Signature of Judicial Officer

6/16/2025

Date